IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| LINCOLN NATIONAL LIFE INSURANCE CO., | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| TCF NATIONAL BANK, | ) ) | |
| Defendant. | ) ) | |
| _____ | ) ) | No. 10 C 6142 |
| | ) | |
| TCF NATIONAL BANK, | ) ) | Judge Virginia M. Kendall |
| Counter/Third-Party Plaintiff, | ) ) | |
| v. | ) ) | |
| LINCOLN NATIONAL LIFE INSURANCE CO., THE KLARCHEK FAMILY TRUST, and SUNSET VILLAGE LIMITED PARTNERSHIP, | ) ) ) ) | |
| | ) | |
| Counter-Defendant and Third-Party Defendants. | ) ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Lincoln National Bank was the beneficiary of a letter of credit issued by TCF National Bank. TCF issued the letter of credit at the request of Sunset Village Limited Partnership as security for Lincoln National's loan to Sunset Village. In return for TCF's issuing the letter of credit, Sunset Village executed a Reimbursement Agreement in favor of TCF, and the Klarchek Family Trust ("KFT" and together with Sunset Village, "Third-Party Defendants") executed a guaranty of the obligations of Sunset Village under the Reimbursement

1

Agreement. When Lincoln National drew on the letter of credit and TCF failed to pay Lincoln National the full amount owed to Lincoln National, Lincoln National initiated this suit for dishonor of the letter of credit. TCF in turn filed a third-party complaint against Sunset Village and KFT for breach of the Reimbursement Agreement and the Guaranty.

This Court awarded Lincoln National summary judgment on its letter of credit dishonor claim against TCF and awarded Lincoln National damages in the amount of $1,281,832.54 plus interest, costs and attorneys' fees. TCF now moves for summary judgment against Sunset Village and the KFT on TCF's claim for breach of the Reimbursement Agreement and the Guaranty. For the reasons stated herein, TCF's motion for summary judgment is granted and TCF is awarded $1,616,975.25 plus expenses and costs, including attorney fees.

## UNDISPUTED MATERIAL FACTS

On October 1, 2001, Lincoln National made a loan to Sunset Village for construction at the Sunset Village Community property. *See* TCF National Bank's Local Rule 561.19a)(3) Statement in Support of its Motion for Summary Judgment against Third-Party Defendants [Dkt. 127] at ¶7 ("TCF L.R. 56.1 at ¶__"). On June 26, 2006, TCF issued an irrevocable Letter of Credit, No. 06-015 (the "Letter of Credit"), payable to Lincoln National, in the amount of $7,075,000. (TCF L.R. 56.1 at ¶8). Also on June 20, 2006, Sunset Village executed a Letter of Credit Reimbursement Agreement (as amended by amendment dated June 1, 2007, the "Reimbursement Agreement"), a Letter of Credit Note (the "Note"), and other documents to ensure that TCF would be reimbursed for any amounts it paid to Lincoln National for draws on the Letter of Credit. (TCF L.R. 56.1 at ¶9). Also on June 20, 2006, KFT executed a Guaranty (the "KFT Guaranty") with TCF whereby it unconditionally guaranteed the obligations of Sunset Village under the Reimbursement Agreement. (TCF L.R. 56.1 at ¶11).

2

Through a series of reductions of the Letter of Credit between Lincoln National and TCF, the Letter of Credit obligations of TCF gradually reduced to $3,189,963.69. (TCF L.R. 56.1 at ¶15). Sunset Village defaulted on its loan obligations to Lincoln National on or about July 15, 2010 and was notified of the default by Lincoln National by written notice dated July 15, 2010. (TCF L.R. 56.1 at ¶17). Sunset Village failed to cure the default, and on July 19, 2010 Lincoln National notified Sunset Village that it had accelerated the balance of its loan to Sunset Village. (TCF L.R. 56.1 at ¶18). On August 30, 2010, Lincoln National presented a sight draft on the Letter of Credit to TCF in the amount of $3,189,963.69. (TCF L.R. 56.1 at ¶19). On August 31, 2010, TCF wired $1,907,861.15 to Lincoln National together with correspondence explaining why it had not forwarded the balance of the requested draw. [1] (TCF L.R. 56.1 at ¶20).

On September 2, 2010, TCF sent notice to Sunset Village and KFT notifying them of the draw on the Letter of Credit, indicating payment in the amount of $1,907,861.15, and demanding immediate payment in the future of any additional amounts TCF were to make, or be required to make, to Lincoln National in satisfaction of the Letter of Credit, plus any attorney fees incurred by TCF. (TCF L.R. 56.1 at ¶ 21). In accordance with the judgment in favor of Lincoln National in this suit, TCF has now paid Lincoln National an additional $1,281,832.54 in satisfaction of the Letter of Credit, plus $335,142.71 in satisfaction of LN's attorneys' fees. (TCF L.R. 56.1 at ¶25, 27).

Sunset Village has made no payment to TCF under the Reimbursement Agreement. (TCF L.R. 56.1 at ¶29). KFT has made no payments to TCF under the KFT Guaranty. (TCF L.R. 56.1 at ¶31).

---

[1] The difference between the amount of the draw request by Lincoln National and the amount originally paid by TCF was the subject of Lincoln National's suit against TCF and has already been addressed by this Court in the memorandum opinion and order dated June 20, 2012. [Dkt. #103].

## DISCUSSION

Summary judgment is proper when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P 56(c). When determining if a genuine issue of fact exists, the Court must view the evidence and draw all reasonable inferences in favor of the party opposing the motion. *Bennington v. Caterpillar Inc.*, 275 F.3d 654, 658 (7th Cir. 2001); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255, 106 S.Ct. 2505 (1986). However, the Court will "limit its analysis of the facts on summary judgment to evidence that is properly identified and supported in the parties' [Local Rule 56.1] statement." *Bordelon v. Chicago Sch. Reform Bd. of Trustees*, 233 F.3d 524, 529 (7th Cir. 2000). Where a proposed statement of fact is supported by the record and not adequately rebutted, the court will accept that statement as true for purposes of summary judgment.

Pursuant to Local Rule of Civil Procedure 56.1, "All material facts set forth in the statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." L.R. 56.1; *see also Sojka v. Bovis Lend Lease, Inc.*, 686 F.3d 394, 398 (7th Cir. 2012) (stating that "[t]he obligation set forth in Local Rule 56.1 is not a mere formality," and that "[i]t follows from the obligation imposed by Fed.R. Civ.P. 56(e) on the party opposing summary judgment to identify specific facts that establish a genuine issue for trial") (internal quotations omitted). Neither of the Third-Party Defendants filed any response to TCF's statement of material facts. Therefore, all facts in TCF's statement of material facts that are adequately supported by the record are deemed to be undisputed. *See Rao v. BY Products*

*Northn America,* 589 F.3d 389, 393 (7th Cir 2009); *Cracco v. Vitran Exp., Inc.*, 559 F.3d 625, 632 (7th Cir. 2009).

I.      **Sunset Village Breached the Reimbursement Agreement.**

To establish a *prima facie* case for breach of contract under Illinois law, a plaintiff must show the existence of a valid contract with the defendant, defendant's breach of the contract, plaintiff's performance under the contract, and damages to plaintiff resulting from the defendant's breach. *See Van Der Molen v. Wash. Mut. Fin., Inc.*, 835 N.E.2d 61 (Ill. App. 2005). If a contract is unambiguous the court will enforce the contract as written and without resorting to extrinsic evidence. *Curia v. Nelson*, 587 F.3d 824, 829 (7th Cir. 2009) (discussing Illinois law).

TCF has established breach of the Reimbursement Agreement by Sunset Village. Sunset Village has admitted that the Reimbursement Agreement attached by TCF to its Motion is a true and accurate copy. Under the terms of the Reimbursement Agreement, Sunset Village explicitly agreed to "reimburse [TCF] for the full amount of the Drawing made under the Letter of Credit by the earlier of (a) one (1) business day after notice to [Sunset Village]…" Reimbursement Agreement at § 2.2. It is a specific event of default under the Reimbursement Agreement when Sunset Village fails "to immediately reimburse the Bank for the full amount of the Drawing made under the Letter of Credit as provided in Section 2.2 of this Agreement." Reimbursement Agreement at § 7.1(a). Sunset Village does not dispute that it received TCF's September 2, 2010 notice of the Lincoln National's draw on the Letter of Credit, which notice explicitly referenced that Sunset Village would be responsible under the Reimbursement Agreement to reimburse TCF for any additional payments made to Lincoln National in satisfaction of the Letter of Credit, in addition to all costs and expenses incurred by TCF. Sunset Village, being

party to this suit, also received notice and a copy of this Court's opinion awarding judgment in favor of Lincoln National with respect to the additional amounts owed in satisfaction of the Letter of Credit. [Dkt. 102, 103].

Sunset Village does not dispute that it has not made any payments to TCF under the Reimbursement Agreement. TCF has shown that it was damaged in the amount of $1,616,975.25 as a result of Sunset Village's failure to meet its obligations under the Reimbursement Agreement (consisting of the $1,281,832.54 that TCF was required by this Court's judgment to pay to Lincoln National in satisfaction of the Letter of Credit, plus the $335,142.71 that TCF paid to Lincoln National for Lincoln National's costs of collection) plus the costs and expenses incurred by TCF in the course of collecting from Sunset Village.

Therefore, TCF has met its burden to establish that Sunset Village has breached the Reimbursement Agreement and damaged TCF in the amount of $1,616, 975.25, plus interest, costs and expenses of TCF, including attorney fees.

## II.    KFT breached the Guaranty.

A guaranty is a "third party's promise to answer for payment on or [to] fulfill an obligation if the person primarily liable fails to perform." *Dynergy Mktg. and Trade v. Multiut Corp.*, 648 F.3d 506, 519 (7th Cir.2011) (*quoting Panno v. Nicolau*, 174 Ill.App.3d 890, 124 Ill.Dec. 378, 529 N.E.2d 95, 98 (Ill.App.1988)).  In Illinois, a prima facie case for enforcement of a guaranty requires proof of (i) the original indebtedness, (ii) the debtor's default, and (iii) the guaranty. *Mid–City Indus. Supply Co. v. Horowitz*, 132 Ill.App.3d 476, 87 Ill.Dec. 279, 476 N.E.2d 1271, 1277 (Ill.App.1985). "In Illinois, a guaranty is a legally enforceable contract that must be construed according to its terms, so long as they are clear and unambiguous." *F.D.I.C. v. Rayman*, 117 F.3d 994, 998 (7th Cir.1997).

TCF has met its burden to show the existence of a valid guaranty and a breach of that guaranty. KFT has admitted that the KFT Guaranty is a true and accurate copy. Under the terms of the KFT Guaranty, KFT "unconditionally, absolutely and irrevocably guarantees for the benefit of [TCF] … the due, punctual and full payment of the Obligations and any and all sums due to [TCF] from [Sunset Village] of any nature whatsoever, including, but not limited to, the Note, the interest thereon and all other moneys due or which may become thereunder or under any of the Related Documents …" (KFT Guaranty at ¶2, attached as Ex. 4 to Ex. B of TCF L. R. 56.1). The definition of "Obligations" in the KFT Guaranty specifically incorporates the definition of "Obligations" in the Reimbursement Agreement, including "all obligations of [Sunset Village] to reimburse [TCF] relating to any Drawings under the Letter of Credit." (Reimbursement Agreement at § 1.1, attached as Ex. 2 to Ex. B of TCF L.R. 56.1). As discussed above, Sunset Village through the Reimbursement Agreement obligated itself to reimburse TCF for the $1,616,975.25 that TCF has paid to Lincoln National, plus TCF's expenses and costs, including attorney fees, and defaulted on those obligations when it failed to pay TCF.

TCF has also shown breach of the Guaranty by KFT. TCF sent the notice of Lincoln National's draw on the Letter of Credit to both Sunset Village and KFT on September 2, 2010, which notice also notified KFT that the loan between Sunset Village and TCF had been declared in default several weeks prior and that such default triggered KFT's obligations under the Guaranty to reimburse TCF for any amounts on the Letter of Credit draw that Sunset Village failed to pay. Additionally, KFT, like Sunset Village, has been party to this suit and received notice of this Court's judgment against TCF and in favor of Lincoln National with respect to

amounts owed under the Letter of Credit. It is undisputed that KFT has made no payments to TCF in satisfaction of KFT's obligations under the Guaranty.

Having established the existence of a valid guaranty and breach by KFT, TCF is entitled to payment as provided in the Guaranty, including the amounts that TCF paid to Lincoln National in satisfaction of Lincoln National's judgment against TCF with respect to the Letter of Credit in the amount of $1,616,975.25, plus interest, costs and expenses of TCF, including attorney fees.

## CONCLUSION

For the reasons stated herein, TCF's Motion for Summary Judgment is granted. Sunset Village and KFT are jointly and severally liable to TCF for $1,616,975.25, plus interest, costs and expenses of TCF, including attorney fees.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 8, 2013